UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE  -  OPELOUSAS DIVISION

| | |
|---|---|
| **MARK SAVOY, et al** | **JUDGE TUCKER L. MELONCON** |
| **VERSUS** | **CIVIL ACTION NO.:  6:08CV0232LAF** |
| **ST. LANDRY PARISH COUNCIL, et al** | **MAGISTRATE MILDRED E. METHVIN** |

_____

**PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE PENALTY, PUNITIVE OR EXEMPLARY DAMAGES FILED BY DEFENDANTS, CITY OF EUNICE AND CHIEF OF POLICE JAMES GARY FONTENOT (individual and official capacity)**

**MAY IT PLEASE THE  COURT:**

NOW COMES, through undersigned counsel, MARK JAMES SAVOY, (hereiafter referred to as "Plaintiff"), who submit this, his Opposition to the Motion to Strike filed by the Defendants, Eunice Police Department and Chief James Gary Fontenot (individual and official capacity).  As will be discussed, Plaintiff stated claims against the Eunice Police Department and Chief James Gary Fontenot both under 42 USC Sec. 1983 and Louisiana state law pursuant to 28 USC Sec. 1367 (a).

*FACTS*

MARK JAMES SAVOY, Plaintiff, and his former spouse were married and living as husband and wife in Eunice, Louisiana, when plaintiff was arrested and booked for the allegedly kidnapping his then wife and her two minor children.  Plaintiff was being held awaiting trial in the Eunice City Police Jail in Eunice, Louisiana, in the custody and care of the Eunice Chief of Police James Gary Fontenot. While Plaintiff was detained in the City of Eunice Jail, several

1

unidentifiable police officers beat Plaintiff resulting in serious injuries to his face but particularly to his nose and lip. Though Plaintiff made several requests for medical assistance, Chief Fontenot did not provide immediate medical care to Plaintiff. Plaintiff's lip was lacerated resulting in part of the upper, inner lip to hang from his face. The laceration went untreated and developed a serious infection and eventually, the Plaintiff's lip healed with a deformity. Plaintiff's nose was broken and due to lack of medical care, his nose healed with a deformity causing additional medical problems with his breathing. Both the lacerated lip and the broken nose will require surgery to correct the deformity and/or disfigurement. Chief James Gary Fontenot transferred Plaintiff to the St. Landry Parish Prison pursuant to an agreement with Sheriff Bobby Guidroz. When Plaintiff was transferred to the custody and care of Sheriff Bobby Guidroz, there was a miscommunication relative to Plaintiff's injuries and his need for immediate medical care. Plaintiff remained in the custody and care of the Sheriff Bobby Guidroz until about October 10, 2007, when he bonded out. At all times the injuries to both Plaintiff's nose and lip went untreated in spite of his numerous pleas for treatment at both the City of Eunice Jail and the Parish Jail. Plaintiff was denied proper medical care while under the custody and care of Chief of Police James Gary Fontenot and Sheriff Bobby Guidroz.

### *LAW AND ARGUMENT*

The recoverability of punitive damages under Section 1983 is available under certain circumstances. A supervisory official, such as Chief James Gary Fontenot, may not be held liable under a respondeat superior or vicarious liability theory alone. *Reimer v. Smith,* 663 F.2d 1316 (5th Cir. 1981). To be liable under Section 1983, a chief of police must be either personally involved in the acts causing the deprivation of a person's constitutional rights, or there must be a

causal connection between an act of the police chief and the constitutional violation sought to be addressed. *Lozano v. Smith,* 718 F.2d 756, 768 (5th Cir. 1983).

The Fifth Circuit has repeatedly held that supervisors, including police chiefs, may face liability under Section 1983 where they breach duties imposed by state or local law. *O'Quinn v. Manuel,* 773 F.2d 605, 608 (5th Cir. 1985); *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S. Ct. 2659, 86 L. Ed. 2d 276 (1985); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.1983); *Barksdale v. King*, 699 F.2d 744, 746 (5th Cir.1983); and *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981); *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir.1976). Plaintiff alleges in his complaint that Chief James Gary Fontenot breached numerous duties imposed upon him, including but not limited to:

A. By being callously indifferent to the safety and well being of the prisoner for which he was responsible through the promulgation and/or implementation of faulty policies, procedures, regulations, and/or ordinances to be utilized by the St. Landry Parish Sheriff's Department and/or the Eunice City Police Department in the custody and immediate medical care of same;
B. Failing to maintain and/or provide transportation for Plaintiff to receive immediate medical assistance from his place of custody when he was in need of same;
C. Failing to maintain, possess, and/or provide adequate equipment for the medical treatment, evaluation, diagnosis, and/or transportation of prisoners in need of same;
D. Failing to establish and/or maintain policies, procedures, training and/or supervision for the exchange of communications, correspondence, instructions, information with the Eunice Police Department regarding the immediate medical needs of Plaintiff;
E. Failing to promulgate proper policies and procedures which would assure and provide for the safety and well being of prisoners through policy, procedure, training and/or supervision;
F. Failing to promulgate proper policies and procedures which would assure that the employees of the St. Landry Sheriff's Department and/or Eunice City Police Department would adhere to proper standards;
G. Failing to promulgate proper procedures and policies;
H. Failing to promulgate all necessary internal procedures, safeguards, and protocol required by the St. Landry Sheriff and/or the Eunice City Police Department with regards to the custody of prisoners in need of immediate medical assistance;
I. Failing to provide for and maintain the proper training of their law enforcement officers and/or supervisors;
J. By violating policies and/or procedures and/or general orders applicable under the circumstances; and

      K. Failing to promulgate all policies, procedures, safeguards, and protocol necessary for the St. Landry Sheriff's Department and/or Eunice City Police Department with regards to the immediate medical assistance of prisoners held in the Eunice City Jail and St. Landry Parish Jail.

As stated above, it is apparent, from the face of Plaintiff's Complaint, that Chief Fontenot personally violated state law and policy as he breached his duty to insure immediate medical care is provided to Plaintiffs while in his custody and care. Due to the lack of policy and/or implementation thereof, Plaintiff did not receive the proper immediate medical care in violation of his constitutional rights under 42 USC 1983, the Fourteenth Amendment, LA Civil Code Article 2315, and more as plead in Plaintiff's complaint. Chief James Gary Fontenot's failure to follow the law and implement and or follow such policy amounted to deliberate indifference.

Punitive damages are available to remedy intentional or reckless violations of civil rights, including but not limited to chief of police in his personal capacity. *Smith v. Wade,* 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). More specifically, such damages are warranted "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Id.* 103 S. Ct. at 1640. Thus, the object of the remedy is to punish as well as to deter the commission of similar offenses in the future. *Creamer v. Porter,* 754 F.2d 1311, 1319 (5th Cir. 1985). We believe that Chief James Gary Fontenot displayed callous indifference to Plaintiff's civil rights under 42 USC 1983 and the Fourteenth Amendment when Plaintiff was not afforded immediate medical care while in the custody and care of the Chief James Gary Fontenot.

## *CONCLUSION*

For the above reasons, the Plaintiff, respectfully requests that the Plaintiff's prayer for punitive damages against Chief Fontenot in his personal capacity not be stricken from the

pleadings in this matter.

        Respectfully submitted,

        ANGUS LAW FIRM, L.L.C.

        By:_____
            GLORIA A. ANGUS
            Bar Roll#: 20082
            P.O. Box 2337
            Opelousas, LA 70571
            (337) 948-8800 (office)
            (337) 948-8777 (fax)
            angusg@bellsouth.net

        ATTORNEY FOR PLAINTIFF MARK JAMES SAVOY

## **CERTIFICATE**

I HEREBY CERTIFY that on April 23, 2008, a copy of the foregoing Opposition to Motion to Strike Penalty, Punitive or Exemplary Damages, was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to the following persons:

1) Counsel of record for defendants, City of Eunice, Eunice City Police Department and Chief of Police James Gary Fontenot
   **John F. Wilkes, III**
   wilkes@bornewilkes.com

2) Counsel of record for defendants, Sheriff Bobby Guidroz, Warden Calvin Moore, and Tammy Prudhomme
   **Jerry J. Falgoust**
   jerryf@opelousaslaw.com

3) Counsel of record for defendants, St. Landry Parish Government and St. Landry Parish

   **Andrea L. West**
   andrea@bornewilkes.com

by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to all counsel of record.

    s/Gloria A. Angus_____
GLORIA A. ANGUS (Bar Roll #:20082)
ANGUS LAW FIRM, L.L.C.
*Attorney for Plaintiff*
P.O. Box 2337
Opelousas, LA 70571
(337) 948-8800 (office)
(337) 948-8777 (fax)
angusg@bellsouth.net