UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Savoy

versus

St. Landry Parish Council, et al

Civil Action No. 08–0232

Judge Tucker L. Melançon

Magistrate Judge Methvin

**MEMORANDUM RULING**

Before the Court are two Motion[s] To Strike Penalty, Punitive or Exemplary Damages filed by: (1) the City of Eunice and Chief James Gary Fontenot, individually and in his official capacity as Chief of Police of the City of Eunice [Rec. Doc. 8] and (2) Sheriff Bobby Guidroz, in his official capacity, Warden Calvin Moore, in his official capacity, and Tammy Prudhomme, in her official capacity [Rec. Doc. 14], as well as plaintiff's oppositions to each of the motions [Rec. Docs. 17, 22]. As the motions address identical issues, the Court will consider them together as follows.

*I. Standard of Review.*

Federal Rules of Civil Procedure Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir.,2007). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading

should be sparingly used by the courts . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962). Because of the reluctance of courts to grant Rule 12(f) motions, the "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id*.

1. *Punitive Damages Claims Against the City of Eunice, Sheriff Bobby Guidroz, Warden Calvin Moore and Tammy Prudhomme Under § 1983*

Defendants contend that plaintiff's demand for punitive damages against all defendants in their official capacities should be stricken from the pleadings because punitive damages are not recoverable against a municipality nor its officers in Section 1983 actions. *R. 8; 14*. The Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981). Thus, any allegations seeking recovery of punitive damages against the City of Eunice must be stricken from the pleadings as a matter of law.

The Supreme Court has also held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 161 (1985). Plaintiff is barred from recovering punitive

damages against an official acting in his official capacity. Accordingly, plaintiff cannot recover such damages under § 1983 against Sheriff Bobby Guidroz, Warden Calvin Moore and Tammy Prudhomme in their official capacities, and these defendants' motion will be granted.

*2. Punitive Damages Claims Against the City of Eunice
and Police Chief Fontenot Under § 1983*

The City of Eunice and Police Chief Fontenot, contend in their Motion to Strike that plaintiff's § 1983 claims for punitive damages must be dismissed against the City of Eunice as well as against Chief Fontenot in his official capacity and in his personal capacity. Based on the jurisprudence cited in the foregoing, plaintiff's claims against the City of Eunice and Police Chief Fontenot, in his official capacity, will be dismissed. The Supreme Court has recognized, however, that punitive damages are recoverable against municipal employees when sued in their individual capacities pursuant to a § 1983 claim. *See Smith v. Wade*, 461 U.S. 30, 35(1983) (cited in *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir.2003). Defendants' state that plaintiffs' Complaint does not allege that Chief Fontenot acted personally to violate the civil rights of plaintiff. Plaintiff's Complaint, however, alleges that "Police Chief James Gary Fontenot ... took part in actions that are in issue relating to the injury of the plaintiff...." *R.1, Complaint, p. 15*. As defendants have not provided sufficient support for their position, plaintiff's claims against Chief

Fontenot personally will stand.. Thus, defendants' Motion to Strike will be denied as to plaintiff's § 1983 claims against Chief Fontenot in his individual capacity.

### 3. State Law Punitive Damages Claims

In addition to his federal claims, plaintiff alleges causes of action under Louisiana state law for violations of the state constitution and for negligence under LA. C. Civ. Proc. Art. 2315. (*Complaint ¶ 44; 45*). It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against any of the defendants. *See Price v. Louisiana Dept. of Transp. and Development*, 608 So.2d 203, 208 (La.App. 4 Cir.,1992). Accordingly, the Court will strike plaintiff's claims for punitive damages under his state law claims asserted against the City of Eunice and Chief Fontenot, individually and in his official capacity as Police Chief of Eunice, as well as against Sheriff Bobby Guidroz, Warden Calvin Moore, and Tammy Prudhomme, individually and in their official capacities.