RECEIVED

DEC 09 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MARK JAMES SAVOY | CIVIL ACTION NO. 08-CV-232 |
| VS. | JUDGE MELANÇON |
| ST. LANDRY PARISH COUNCIL<br>BARRY GUIDROZ, *individually*<br>  *and in his official capacity as Sheriff*<br>  *of St. Landry Parish*<br>WARDEN CALVIN MOORE, *individually*<br>  *and in his official capacity as warden of the*<br>  *St. Landry Parish Jail*<br>TAMMY PRUDHOMME, *individually*<br>  *and in her official capacity as Head*<br>  *Nurse and/or medical facilitator*<br>  *of the St. Landry Parish Jail*<br>CITY OF EUNICE<br>JAMES GARY FONTENOT, *individually*<br>  *and in his official capacity as the Chief of Police*<br>  *of the City of Eunice*<br>SHERIFF OF ST. LANDRY PARISH<br>CITY JAIL EUNICE<br>JAIL OF ST. LANDRY PARISH | MAGISTRATE JUDGE METHVIN |

## HEIGHTENED PLEADING REVIEW

In this §1983 civil rights suit, plaintiff has sued defendants Eunice Police Chief James Gary Fontenot, St. Landry Parish Sheriff Bobby Guidroz, St. Landry Parish Jail Warden Calvin Moore, and St. Landry Parish Jail Head Nurse Tammy Prudhomme, in both their official and individual capacities. In their answer, the aforementioned defendants plead the defense of qualified immunity. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995);[1] Baker v. Putnal, 75 F.3d 190, 195 (5th Cir.

---

[1] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a '1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." The court may ban discovery to

1996). Plaintiff's complaint, first amended complaint and second amended complaint allege defendants violated his constitutional rights when they demonstrated deliberate indifference to his serious medical needs

Plaintiff alleges as follows: he was arrested for kidnapping his then wife and her two minor children with whom he was living in Eunice, Louisiana; when he was being detained he was beaten by Eunice police officers resulting in injuries to his face, particularly his nose and upper lip; thereafter, he was incarcerated at the Eunice City Jail where he was beaten a second time by unidentified police officers, again resulting in serious injuries to his face.[2]

Plaintiff further alleges that he was transferred to the St. Landry Parish Jail where defendants failed to provide proper medical care for his nose and lip; defendants did not provide immediate care to plaintiff which resulted in infection to his lip, and its deformity when it healed; both his lip and nose will requirement corrective surgery to correct the deformity; he was released from the St. Landry Parish on October 10, 2007 and had not received medical care to his nose and lip.

Plaintiff alleges that on February 18, 2007, while incarcerated at the St. Landry Parish Jail, inmates beat him and broke his ankle; he was placed on lock-down for five days; on February 23, 2007, x-rays were ordered and Dr. Edwin L. Brown, M.D. diagnosed a small avulsion fracture adjacent to the medial malleolus; on February 27, 2007, Dr. Derek Metoyer,

---

allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." Schultea v. Wood, 47 F.3d 1427, 1433-34.

[2] The parties R. 26(f) report shows that plaintiff was allegedly beaten at the Eunice jail on January 17, 2007.

M.D. examined plaintiff's ankle and referred him for orthopedic care at University Medical Center; Sheriff Guidroz and his staff took virtually no action to carry out medical instructions and referrals; he continued to suffer from the broken nose, lacerated lip and fractured ankle.

Plaintiff alleges that for more than nine months he made requests for treatment which were ignored by the employees at each of the jails; that the employees had actual knowledge of impending harm to him and consciously and culpably refused to take steps to prevent him harm; because his repeated pleas for help were ignored and went unanswered for several months, the employees acted with deliberate indifference to his serious medical needs and the delay in receiving medical attention caused or contributed to his ultimate injuries and disfigurement. Plaintiff also alleges that Sheriff Guidroz, Warden Calvin Moore, Head Nurse Prudhomme, and Police Chief Fontenot were callously indifferent to his well-being when he was detained at the two jails by the implementation and/or failure to establish and/or maintain policies regarding his immediate medical needs [3]

"Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).[4] To establish this threshold Eighth Amendment violation, plaintiff must demonstrate that defendant was deliberately indifferent to his serious medical needs. Deliberate indifference is "an extremely high standard" that

---

[3] Rec. Doc. 1, at p. 8.

[4] The claim of a convicted prisoner is judged against the Eighth Amendment "cruel and unusual punishment" standard, which includes the "deliberate indifference" standard. The claim of a pre-trial detainee is analyzed under a similar standard set forth in Nerren v. Livingston Police Dept., 86 F.3d 469 (5th Cir. 1996), which defined subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." Nerren, 86 F.3d at 473.

encompasses "only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Stewart v. Murphy, 174 F.3d 530 (5th Cir.1999). Negligent medical care does not give rise to a § 1983 claim, and a delay in medical care is actionable only "if there has been deliberate indifference, which results in substantial harm." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993). The Supreme Court has adopted a subjective standard for deliberate indifference. "[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir.2002)("The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the jail officials were actually aware of the risk, yet consciously disregarded it.").

It is well-settled that supervisory officials cannot be held vicariously liable for their subordinates' actions. *See* Monell v. Department of Social Services, 436 U.S. 658, 691-95, 98 S.Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978); Thibodeaux v. Arceneaux, 768 F.2d 737, 739 (5th Cir.1985) (*per curiam*). Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. *See* Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir.1987); *see also* Grandstaff v. City of Borger, 767 F.2d 161, 169-70 (5th Cir.1985), *cert. denied*, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987).

Plaintiff's allegations that his pleas for medical assistance were ignored, that the defendants failed to follow the recommendations of the hospital regarding follow up care, and

that the supervisory officials implemented policies that resulted in the improper healing of his nose, lip and ankle, raise genuine issues regarding the illegality of defendants' conduct. Thus, the undersigned concludes that plaintiffs have "supported [their] claim[s] with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiffs have therefore met the heightened pleading requirement and no Rule 7(a) Order is necessary in this case. For the same reason, no order limiting discovery under Schultea is appropriate.[5]

Signed at Lafayette, Louisiana on December ___8___, 2008.

_____
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[5] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.